# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLY D. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:12-CV-724 |
| | § | |
| BANK OF AMERICA, N.A., and | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, as Trustee for First Franklin | § | |
| Mortgage Loan Trust 2006-FF7, Mortgage | § | |
| Pass Through Certificates, Series 2006-FF7, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The following are pending before the court:

1. Plaintiff's motion for relief from order on summary judgment pursuant to Federal Rule of Civil Procedure 60 (docket entry #58);

2. Defendants' response to Plaintiff's motion to vacate (docket entry #59); and

3. Plaintiff's reply in support of Plaintiff's motion for relief from order on summary judgment pursuant to Federal Rule of Civil Procedure 60 (docket entry #60).

Having considered the Plaintiff's motion and the responsive briefing thereto, the court finds that the motion should be denied.

On September 30, 2013, the court signed a memorandum adopting the report and recommendation of the United States Magistrate Judge. On the same day, final judgment was entered, dismissing the Plaintiff's claims with prejudice. On January 29, 2014, 121 days after the entry of judgment, the Plaintiff moved for relief from the final judgment pursuant to Rule 60 of the

Federal Rules of Civil Procedure.

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b)(1). In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).

The Plaintiff is essentially seeking leave of court to file a belated motion to reconsider or vacate judgment. The Plaintiff argues that she should be permitted to file the belated motion because the delay in doing so was due to excusable neglect. Apparently, Plaintiff's counsel neglected to calendar the deadline for filing the motion to reconsider or vacate judgment. Since the Defendants will not suffer prejudice, the court finds that counsel's delay in filing the motion to reconsider or vacate judgment was due to excusable neglect pursuant to FED. R. CIV. P. 60(b)(1).

However, a finding of excusable neglect merely allows the Plaintiff to file her motion to reconsider and vacate judgment pursuant to Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. In her motion, the Plaintiff argues that the court committed manifest errors of law and fact. "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a

manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-864 (5th Cir. 2003), citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, 2004 WL 2189634, *1 (N.D. Tex. 2004), citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Id.*, citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). "In exercising this discretion, a district court must 'strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts.'" *Id.*, citing *Hale*, 45 F.3d at 921.

The court notes, however, that the arguments raised in the Plaintiff's motion to reconsider were already considered by the court. Accordingly, finding no manifest errors of law or fact, the court hereby **DENIES** the Plaintiff's motion for relief from judgment (docket entry #58).

IT IS SO ORDERED.

**SIGNED this the 29th day of September, 2014.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE